UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TRI-STATE MEMORIAL HOSPITAL,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

CASE NO: 2:25-CV-0181-RLP

**NOTICE SETTING SCHEDULING HEARING**

**SCHEDULING HEARING VIA VIDEO CONFERENCE**

**DATE: September 14, 2026 TIME: 2:30 PM**

**A.** A scheduling hearing will be held on the date and time noted above via video conference. Prior to the hearing, Counsel and pro se parties will be provided with separate call-in details by email from the Court's staff.

**B.** The provisions of Fed. R. Civ. P. 26 apply. The parties shall confer at least **fourteen (14) days** in advance of the scheduling conference and shall be prepared to discuss at the scheduling conference the following issues:

1. whether the parties have notified the Clerk's Office if they consent to the case being heard by a full-time U.S. Magistrate Judge, *see* 28 U.S.C. § 636;

2. whether jurisdiction and venue exist and if they do exist, the basis for each;

3. whether service is complete and, if not, a deadline for completion;

4. a brief description of the claims and defenses;

5. whether a statute's constitutionality is being challenged, *see* Fed. R. Civ. P. 5.1, and whether the required notice has been provided;

6. whether the matter may be pursued as a class action, and if so, 1) a suggested deadline for filing a motion for class certification, and 2) what type of class action may be pursued, *see* Fed. R. Civ. P. 23;

7. whether any issues should be certified to a state supreme court;

8. suggested deadline for amending the pleadings;

9. suggested deadline for adding additional parties;

10. whether all non-governmental corporate parties have filed the necessary ownership statement, *see* Fed. R. Civ. P. 7.1;

11. whether the case involves a minor or incompetent party and whether the appointment of a guardian ad litem is necessary, *see* LCivR 17(c)

12. Discovery:

- suggested deadline for initial disclosures, see Fed. R. Civ. P. 26(a)(1) if not already completed;
- subjects on which discovery may be needed;
- any issues about preserving discoverable information, including electronically stored information;
- claims of privilege or protection;
- proposed modifications to the standard discovery procedures, including bifurcation and/or consolidation of discovery, or an increase in the allowed number of depositions (10), interrogatories (25), requests for production (30), or requests for admission (15);
- suggested expert disclosure deadlines;
- suggested discovery cut-off; and
- any anticipated Fed. R. Evid. 502 agreement relating to inadvertent disclosures;

13. Protective Orders:

It is this Court's preference to not enter general Protective Orders that simply set forth the parties' agreement for handling "confidential" materials. *See Cordero v. Stemilt AG Servs.*, 142 F.4th 1201, 1207 (9th Cir. 2025).

Under FRCP 26(c), a party seeking a protective order has the burden of establishing good cause and must show prejudice "for each particular document it seeks to protect." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The requirement to demonstrate good cause cannot be waived and remains even where the parties stipulate to the order. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).

The parties are free to contract between themselves regarding disclosure of information produced in discovery and pursue appropriate remedies in the event of breach. If the parties wish to file specific items of discovery in the court record and protect such items from public access, the parties are instructed to confer and jointly file a proposed narrowly tailored protective order, along with supporting statements of good cause. If the parties are unable to reach an agreement on the terms of a protective order, the parties shall submit simultaneous briefing explaining the nature of their disagreements and the differences between their respective requests for protection and/or the terms of their proposed orders. Each party's brief shall set forth argument supporting its position and addressing objections to the opposing party's proposal. Any such brief shall not exceed ten pages in length, excluding the proposed order. Failure to set forth any objection or supporting argument constitutes waiver of that issue. Upon receipt of such briefing, the Court will schedule a brief hearing to resolve the dispute and address any outstanding questions;

14. anticipated motions and suggested dispositive motion filing deadline;

15. Trial:

- whether a jury has been requested. In cases removed from state court in which a party desires a jury trial, a jury demand must be filed within 30 days after removal, *see* LCivR 38(d);
- suggested trial date(s) and suggested location;
- length of trial (total days needed for all parties);
- requests for bifurcation; and
- the need for special audio/visual courtroom technology;

16. Mediation:

- suggested deadline for referral to the magistrate judge for mediation;
- efforts the parties have already made towards settlement;
- any barriers to productive mediation which exist at this time; and

17. any other matters which may be conducive to the just, efficient, and economical determination of the action or proceeding, including the definition or limitation of issues.

**C.** By **September 8, 2026** the parties shall file the following:

1. **Statement Identifying Corporate Information**: Any non-governmental corporate party to this action shall file a statement identifying all its parent corporations and listing any publicly held company that owns 10% or more of the party's stock. Counsel have an ongoing responsibility to supplement this information;

2. **Joint Status Report (Fed. R. Civ. P. 26(f))**: The parties shall file a Joint Status Report (or separate reports if necessary), reflecting the results of their conference and the parties' position with respect to **each subject outlined in section B** of this Notice.

**D**. The following deadline dates will be outlined in an Order after the scheduling hearing. Be prepared to discuss these deadlines if there are any changes.

| | |
|---|---|
| Simultaneous expert disclosures | 230 days before trial |
| Rebuttal expert disclosures | 200 days before trial |

| | |
|---|---|
| Motion to Amend/Add Parties | 210 days before trial |
| Daubert motions | 192 days before trial |
| Discovery cutoff | 140 days before trial |
| Dispositive motions | 132 days before trial |
| Hearing Request re deposition designations | 42 days before trial |
| Cross designations | 28 days before trial |
| Objections to designations | 21 days before trial |
| Exhibit/Witness lists | 35 days before trial |
| Objections Exhibit/Witness lists | 28 days before trial |
| Response to Exhibit/Witness objections | 21 days before trial |
| Motions in Limine | 42 days before trial |
| Response to Motions in Limine | 36 days before trial |
| Replies to Motions in Limine | 28 days before trial |
| Pretrial Order | 21 days before trial |
| Trial Briefs, voir dire | 25 days before trial |
| Jury Instructions (Agreed/Disputed) | 25 days before trial |
| Memo object to disputed Jury Instructions | 25 days before trial |
| Pretrial Conference/Motion in Limine Hrg | 14 days before trial |

Counsel are expected to comply with the spirit of Rule 26 and seek to minimize the time and expense of discovery.

**DATED** August 10, 2026.

SEAN F. McAVOY
DISTRICT COURT CLERK

*s/Linda Hansen*
LINDA HANSEN
Deputy Clerk