**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| TRI-STATE MEMORIAL HOSPITAL,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 2:25-cv-00181<br><br>**Joint Status Report** |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Notice Setting Scheduling Hearing (ECF No. 45), Plaintiff Tri-State Memorial Hospital ("Tri-State") and Defendant United States of America (the "United States") (collectively, the "Parties") respectfully submit this Joint Status Report.

The Parties' Rule 26(f) conference was held remotely via Zoom on August 11, 2026. Weston O'Black and Kaholi Kiyonami participated on behalf of Tri-State, and Charles J. Butler participated on behalf of the United States.

## I. CONSENT TO MAGISTRATE JUDGE

At least one party has notified the Clerk's Office that it does not consent to proceedings before a U.S. Magistrate Judge.

## II. JURISDICTION AND VENUE

Tri-State believes this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1340, and 1346(a) and 26 U.S.C. §§ 7422 and 7402(a). The United States asserts that, if Tri-State duly filed claims for refund with the IRS and otherwise met

jurisdictional prerequisites as required by 26 U.S.C. § 7422, the Court has jurisdiction under 28 U.S.C. §§ 1340 and 1346(a)(1).

Venue is proper in the Eastern District of Washington because Tri-State is located in Clarkston, Washington.

## III. SERVICE

Service is complete. All parties have been properly served.

## IV. BRIEF DESCRIPTION OF CLAIMS AND DEFENSES

Tri-State's statement: Tri-State is a nonprofit hospital in Clarkston, Washington. Tri-State claims eligibility for ERC refunds under the Suspension Test because its operations were partially suspended due to Washington Governor Inslee's Proclamation 20-24.2, which imposed COVID-19 restrictions on healthcare facilities, including screening requirements, quarantine protocols, social distancing mandates, cancellation of non-urgent procedures, and vaccination clinic mandates.

This case involves Plaintiff Tri-State Memorial Hospital's claim for Employee Retention Credits ("ERC") under the CARES Act and I.R.C. § 3134. Tri-State seeks a federal tax refund of $11,531,331.70 for the first, second, and third quarters of 2021.

Tri-State and its wholly owned subsidiaries (Evergreen Estates, Vannvei, and Aquavia) constitute a single employer with no more than 500 employees during 2019. Tri-State filed Forms 941-X with the IRS on January 31, 2024, for all three quarters. The IRS has not processed these claims.

To determine entitlement, the key factual and legal issues believed to be

involved are:

1. Eligibility: whether Tri-State can establish eligibility under the Suspension Test; and
2. Substantiation: whether Tri-State can substantiate the ERC amounts claimed.

The Court denied the Government's Motion to Dismiss on May 28, 2026 (ECF No. 38), finding that Tri-State alleged sufficient facts of partial suspension due to the Proclamation.

United States' statement: Tri-State seeks tax refunds based on employee retention credits ("ERCs") it claimed for the first three quarters of 2021 totaling over $11 million. Congress created the ERC as a targeted relief program with specific eligibility criteria to offset the cost of wages for employers most affected by government lockdown orders during the COVID-19 pandemic. Tri-State alleges it was eligible for the ERCs based on a suspension of its operations due to government orders related to COVID-19. Tri-State, therefore, must prove that (1) a meaningful portion of its operations was suspended and (2) the suspension was the direct result of a government order applicable to Tri-State that limited commerce, travel, or group meetings.

If Tri-State continued to receive or maintain its usual funding for employee salaries during the periods at issue, it would have no basis for claiming the ERC for those periods. In addition, if Tri-State makes claims based on any grounds not

asserted in a claim for refund filed with the IRS, the Court lacks jurisdiction under 26 U.S.C. § 7422(a) to hear such claims. Further, to the extent Tri-State claims the ERC based on wages reported as payroll costs to obtain Paycheck Protection Program loan forgiveness, it is not entitled to the ERC.

**V. CONSTITUTIONAL CHALLENGE**

None.

**VI. CLASS ACTION**

This matter will not be pursued as a class action.

**VII. CERTIFICATION TO STATE SUPREME COURT**

None.

**VIII. DEADLINE FOR AMENDING PLEADINGS**

The Parties propose a deadline for amending the pleadings of 210 days before trial.

**IX. DEADLINE FOR ADDING PARTIES**

The Parties propose a deadline for adding additional parties of 210 days before trial.

**X. CORPORATE OWNERSHIP STATEMENT**

Tri-State Memorial Hospital is a nonprofit corporation with no parent corporation; no publicly held company owns 10% or more of its stock. Tri-State will file the required corporate disclosure statement by September 8, 2026.

**XI. MINOR OR INCOMPETENT PARTY**

None.

## XII. DISCOVERY PLAN

**A. Initial Disclosures:** The Parties propose initial disclosures be exchanged by September 18, 2026.

**B. Discovery Subjects:** Tri-State's statement: Discovery may be needed on: (1) eligible employer status; (2) whether Tri-State's operations were partially suspended due to Proclamation 20-24.2; and (3) substantiation of the amount of Tri-State's ERC claim.

United States' statement: The United States will seek discovery on whether Tri-State met the requirements under the CARES Act and 26 U.S.C. § 3134 for eligibility for the ERC during the periods at issue, including, but not limited to, whether Tri-State experienced a suspension of operations under the statute and whether such a suspension was the direct result of a government order. The United States also will seek discovery on substantiation of Tri-State's ERC claims.

**C. ESI:** The Parties will exchange documents in native format with metadata preserved where possible, or in .pdf format. Documents will be exchanged via the Justice Enterprise File Sharing ("JEFS") program. The Parties consent to service via email under Fed. R. Civ. P. 5(b)(2)(E).

**D. Privilege:** The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) regarding privileged information. Pursuant to Fed. R. Evid. 502, inadvertent production shall not constitute waiver of privilege in this or any other proceeding.

**E. Discovery Limitations:** The Parties agree to Standard EDWA Local Rules limitations:

- 25 interrogatories,
- 10 depositions (excluding experts),
- 30 requests for production, and
- 15 requests for admission per party.

**F. Expert Disclosures:** The Parties have not determined whether expert discovery will be needed in this case.

**G. Discovery Cutoff:** The Parties propose that all discovery be completed140 days before trial.

**H. Fed. R. Evid. 502 Agreement:** The Parties agree that inadvertent production shall not constitute waiver of privilege and request the Court incorporate this agreement into the scheduling order.

## XIII. PROTECTIVE ORDERS

The Parties do not anticipate issues requiring a protective order at this time.

## XIV. ANTICIPATED MOTIONS

The Parties anticipate filing summary judgment motions following discovery. They propose a dispositive motion deadline of November 15, 2027.

The Parties do not currently anticipate other motions.

## XV. TRIAL

- **Jury Demand**: Tri-State has demanded a jury trial.

- **Trial Date and Location:** The Parties propose a trial date March 15, 2028, and propose that trial occur in the Eastern District of Washington in Spokane, Washington.

- **Length of Trial:** Approximately 4 days.

- **Bifurcation:** None requested.

- **Audio/Visual Needs:** None anticipated.

## XVI. MEDIATION AND SETTLEMENT

- **Mediation**: The Parties do not request referral to mediation at this time. Settlement may be possible after the exchange of discovery.

- **Prior Settlement Efforts:** Settlement efforts would be more productive after initial discovery so both sides may evaluate the merits.

- **Barriers to Mediation:** Mediation would be more productive after initial discovery so both sides may evaluate the merits.

## XVII. OTHER MATTERS

None.

Dated: September 8, 2026

*/s/ Weston O'Black*
Justin A. Nelson (*pro hac vice*)
Weston O'Black (*pro hac vice*)
Daniel Wilson (*pro hac vice*)
Anna M. Haddad (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713-651-9366
jnelson@susmangodfrey.com
woblack@susmangodfrey.com
dwilson@susmangodfrey.com
ahaddad@susmangodfrey.com

Andres Healy
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel.: 206-516-3880
ahealy@susmangodfrey.com

Kaholi Kiyonami (*pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Tel.: 212-336-8330
kkiyonami@susmangodfrey.com

***Attorneys for Plaintiff, Tri-State Memorial Hospital***

BRETT SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

*/s/ Charles J. Butler*
CHARLES J. BUTLER
Tax Litigation Branch
Civil Division, Department of Justice

***Attorneys for the United States America***