FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 14, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRI-STATE MEMORIAL HOSPITAL,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 2:25-CV-00181-RLP<br><br>**JURY TRIAL SCHEDULING ORDER**<br><br>**JURY TRIAL SCHEDULED FOR MARCH 20, 2028** |

A virtual scheduling conference was held in this matter on September 14, 2026. Weston O'Black and Kaholi Kiyonami appeared on behalf of Plaintiff. Counsel for Defendant did not appear.

The Court has reviewed the partes' Joint Status Certificate, ECF No. 47, has heard from counsel, is fully informed, and orders the following schedule for a jury trial in this matter.

Accordingly, **IT IS HEREBY ORDERED**:

## GENERAL COURT PROCEDURES

1. *Civility and Professional Conduct*

Counsel should review and employ Local Rule 83.1 (Civility) and Washington Rule of Professional Conduct 3.4 (Fairness to Opposing Party and Counsel).

2. *Scheduling Order is Binding*

Rule 16(f) provides for sanctions for failure to obey the Scheduling Order. The Court will usually accept stipulations to modify the dates specified in this Order, but modifications of pretrial deadlines may also result in a modification of the trial date. FRCP 16(f).

3. *Settlement Conference/Mediation*

The parties are encouraged to engage in settlement negotiations as early as possible and should contact the Court if they believe a settlement conference would be helpful. The Court will require parties to engage in mediation prior to trial, unless good cause is shown that mediation is not possible or will be unproductive.

## MODIFICATIONS

4. *Motions to Continue*

The trial date set forth in this Order is firm, and all parties and their counsel

must regard the date set for trial as certain. The Court may grant a continuance only on a showing of good cause requiring the continuance, and the Court does not guarantee its availability on any new date requested by counsel.

5. *Length of Memoranda*

The parties shall follow the page limit requirements of Local Civil Rule 7(f) for all motions and pleadings. Motions for leave to exceed page limits are strongly disfavored and will be granted only in extraordinary circumstances.

6. *Good Cause*

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, this schedule shall not be modified unless the Court finds good cause to grant leave for modifications.

DISCOVERY

7. *Initial Disclosures*

The parties shall disclose their Rule 26(a)(1) disclosures no later than the date indicated in the Summary of Deadlines below. These disclosures shall not be filed with the Court.

8. *Expert Disclosures*

Each Party shall identify its experts, rebuttal experts, and serve written reports as required by Rule 26(a)(2) on all other parties no later than the date indicated in the Summary of Deadlines below. Each party shall also provide the

dates for which those experts can be available for deposition.

The parties may modify the deadline for exchange of expert disclosures by joint stipulation filed with the Court; a motion is not required.

9. *Discovery Limitations*

No more than **ten depositions excluding experts**, each limited to seven hours in one day, may be taken by the plaintiffs, defendants, or third-party defendants without leave of the Court. FRCP 30(a)(2), (d)(1).

No party may serve more than **twenty-five interrogatories**, including discrete subparts, on any other party without leave of the Court. FRCP 33(a)(1).

No party may serve more than **thirty requests for production** on any other party without leave of the Court.

No party may serve more than **fifteen requests for admission** on any other party without leave of the Court. LCivR 36(c).

10. *Protective Orders*

It is this Court's preference to not enter general Protective Orders that simply set forth the parties' agreement for handling "confidential" materials. *See Cordero v. Stemilt AG Servs.*, 142 F.4th 1201, 1207 (9th Cir. 2025).

Under FRCP 26(c), a party seeking a protective order has the burden of establishing good cause and must show prejudice "for each particular document it seeks to protect." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130

(9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The requirement to demonstrate good cause cannot be waived and remains even where the parties stipulate to the order. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).

The parties are free to contract between themselves regarding disclosure of information produced in discovery and pursue appropriate remedies in the event of breach. If the parties wish to file specific items of discovery in the court record and protect such items from public access, the parties are instructed to confer and jointly file a proposed narrowly tailored protective order, along with supporting statements of good cause. If the parties are unable to reach an agreement on the terms of a protective order, the parties shall submit simultaneous briefing explaining the nature of their disagreements and the differences between their respective requests for protection and/or the terms of their proposed orders. Each party's brief shall set forth argument supporting its position and addressing objections to the opposing party's proposal. Any such brief shall not exceed ten pages in length, excluding the proposed order. Failure to set forth any objection or supporting argument constitutes waiver of that issue. Upon receipt of such briefing, the Court will schedule a brief hearing to resolve the dispute and address any

outstanding questions.

11. *Discovery Conferences*

To avoid wasted time and expense, Counsel may contact chambers to schedule a telephonic conference to obtain an expedited informal ruling on discovery disputes. Prior to the conference, each party may submit to the Court a one-page summary explaining the discovery dispute. The Court will endeavor to schedule a conference to occur within 2-3 days of the initial request. Absent very unusual circumstances, the parties should not contact the Court during a deposition. Instead, during a deposition, the parties should make an appropriate record for review by the Court at a later time.

12. *Close of Discovery*

All discovery shall be completed no later than the date indicated in the Summary of Deadlines below. To be timely, discovery requests must be served sufficiently in advance of the deadline to allow for timely response by the cutoff date. The parties shall file no discovery except as necessary to support motions or objections.

MOTIONS PRACTICE

13. *Amending Pleadings, Adding Parties & Class Certification*

Motions to amend the pleadings, to add named parties, or for class certification shall be filed and served by the date indicated in the Summary of

Deadlines below.

14. *Daubert & Dispositive Motions*

All *Daubert* and dispositive motions shall be filed on or before the dates indicated in the Summary of Deadlines below. Responses and replies to *Daubert* and dispositive motions shall comply with Local Civil Rule 7. No supplemental responses or supplemental replies to any *Daubert* or dispositive motion may be filed without Court permission.

If the party challenging expert testimony anticipates that an evidentiary hearing shall be required, the party shall so advise the Court and opposing counsel in conjunction with the filing of its motions.

15. *Motions in Limine*

All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by motions *in limine* to be filed and served on or before the date indicated in the Summary of Deadlines below. Motions *in limine* shall be noted for hearing at the pretrial conference.

16. *Overlength Briefs*

Requests for overlength briefs are disfavored. Overlength briefs are rarely more persuasive than ones that succinctly present the applicable law and facts. Should counsel deem an overlength brief necessary, they shall seek advance permission. No overlength brief shall contain block quotations, footnotes, string

cites, repetitive arguments, or routine recitations of black letter law (unless certified as absolutely necessary).

## TRIAL PREPARATION

17. *Witness & Exhibit Lists*

Witness and exhibit lists, objections thereto, and any responses shall be filed and served on or before the dates indicated in the Summary of Deadlines below.

Where feasible, all exhibits identified in depositions shall be pre-marked with the exhibit numbers that will be used at trial. Plaintiff's trial exhibits are to be numbered 1 through 499; Defendant's exhibits are to be numbered 500 and following. Exhibits shall be made available for inspection or copies shall be provided to the parties contemporaneously with the exhibit list.

The witness list shall include a brief description of the witness, a brief summary of the witness' anticipated testimony, whether the witness will be called as an expert, and any known trial date/time conflicts the witness may have.

Objections to the opposing party's witness list or exhibit list and any accompanying briefs shall be heard at the pretrial conference. All objections to witnesses shall set forth a legal basis and explanation for the objection. Objections to an exhibit or portion thereof shall be accompanied by a full and complete copy of the exhibit in question and a short legal explanation for the objection.

18. *Designation of Testimony*

The Parties shall notify the Court on or before the date indicated in the Summary of Deadlines whether deposition testimony will be used at trial. The Court will then schedule a hearing to review all designated testimony and objections so that a final edited version of the deposition testimony can be prepared for trial.

19. *Pretrial Order*

A joint Pretrial Order, prepared in accordance with the format provided in Local Civil Rule 16(e), shall be filed on or before the date indicated in the Summary of Deadlines below and a copy e-mailed in Word format to the Court at PennellOrders@waed.uscourts.gov.

The list of exhibits contained in the joint Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

20. *Trial Briefs, Voir Dire, and Jury Instructions*

Trial briefs, requested *voir dire*, and jointly proposed jury instructions shall be filed by the date indicated in the Summary of Deadlines below.

Trial briefs shall not exceed 20 pages without prior court approval. To obtain court approval, a party must file a motion to file an overlength brief, demonstrating

good cause why supplemental briefing is necessary.

The parties shall confer regarding jury instructions and file jointly proposed Jury Instructions and a table of proposed Jury Instructions. The jointly proposed Jury Instructions should address only issues that are unique to this case and shall include instructions regarding the elements of each claim, any necessary definitions, and a proposed verdict form. If any proposed instruction is a modified version of model instructions or deviate from model instructions, the parties shall identify the modification and cite legal authority for the modification.

TRIAL

21. *Hearings via Video Conference*

All pretrial hearings will be held using the Court's video conference system.

22. *Pretrial Conference*

A pretrial conference will be held via video conference on the date and time indicated on the Summary of Deadlines via video conference.

23. *Jury Trial*

The jury trial shall commence at **9:00 a.m.** on the date indicated on the Summary of Deadlines below in Spokane, Washington. The trial is estimated to last 4 days.

24. *Jury Evidence Recording System*

The Court utilizes the Jury Evidence Recording System (JERS) to allow

evidence admitted at trial to be viewed electronically via touchscreen monitor in the jury deliberation room upon the conclusion of the trial. Please note that the jury will receive a verbatim copy of the JERS exhibit list. The Court directs the parties to review and follow the instructions on the public website for specific instructions and naming conventions for exhibits, so that they are compatible with the JERS system. **Five (5) days prior to the trial date**, each party shall provide the Court with a flash drive containing proposed exhibits for uploading into the JERS system.

25. *Submissions on the First Day of Trial*

The Court requires final exhibit lists and witness lists for presentation at trial to be submitted to the courtroom deputy clerk on the first day of trial.

The parties shall provide **one hard copy** of their exhibits in a tabbed binder.

The witness list should list witnesses in the order in which they are expected to be called to testify.

SUMMARY OF DEADLINES

| | |
|---|---|
| Rule 26(a)(1) Exchange | **9/18/2026** |
| Rule 26(a)(2) Exchange<br>Initial Experts:<br>Rebuttal Experts: | <br>**8/3/2027**<br>**9/2/2027** |
| Discovery Cutoff | **11/1/2027** |

| | |
|---|---|
| Deadline to add parties, amend pleadings, and file for class certification | **8/23/2027** |
| *Daubert* Motions | **9/10/2027** |
| Dispositive Motions | **11/9/2027** |
| Motions *in Limine*<br>Motions:<br>Responses:<br>Replies: | <br>**2/7/2028**<br>**2/14/2028**<br>**2/21/2028** |
| Witness & Exhibit Lists<br>Lists:<br>Objections:<br>Responses: | <br>**2/14/2028**<br>**2/21/2028**<br>**2/28/2028** |
| Request Hearing re Deposition Designations | **2/7/2028** |
| Joint Proposed Pretrial Order filed and emailed to the Court | **2/28/2028** |
| Trial briefs, jury instructions, verdict forms, requested *voir dire* | **2/24/2028** |
| **PRETRIAL CONFERENCE** | **3/7/2028 at 9:00am**<br>***via video conference*** |
| **JURY TRIAL** | **3/20/2028 at 9:00 a.m.** |

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** September 14, 2026.

REBECCA L. PENNELL
DISTRICT COURT JUDGE